UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 19-21167-CIV-MORENO**

NORMA MARTIN,

    Plaintiff,

vs.

E.C. PUBLICATIONS, INC. and WARNER
COMMUNICATIONS LLC *d/b/a*
DC COMICS, INC.,

    Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ORDER DENYING ALL PENDING MOTIONS AS MOOT

THIS CAUSE came before the Court upon the Defendants' Motion for Summary Judgment **(D.E. 40)**, filed on **November 21, 2019**.

THE COURT has considered the Motion for Summary Judgment, the Plaintiff's Verified Opposition to Defendants' Motion for Summary Judgment **(D.E. 54)**, the Plaintiff's Verified Response with Corrections to and Amplifications of Defendants' Statement of Material Facts **(D.E. 55)**, the contentions of the parties made in open court, and the pertinent portions of the record. Being otherwise fully advised in the premises, it is

**ADJUDGED** for the reasons stated in Open Court that the Defendants' Motion for Summary Judgment is **GRANTED** in full. All pending motions are **DENIED AS MOOT**. The Clerk is directed to close the case.

**DONE AND ORDERED** in Open Court at Miami, Florida, this 29th of January 2020.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

```
 1                    UNITED STATES DISTRICT COURT
                      SOUTHERN DISTRICT OF FLORIDA
 2                           MIAMI DIVISION
 3               CASE NUMBER 19-21167-CV-MORENO
 4
   NORMA MARTIN,
 5
                Plaintiff,                      Courtroom 13-3
 6
      vs.                                       Miami, Florida
 7
   E.C. PUBLICATIONS, INC. and                  January 29, 2020
 8 WARNER COMMUNICATIONS LLC.,
   d/b/a DC COMICS,
 9
                Defendants.
10  ══════════════════════════════════════════════════════════
11            EXCERPT OF STATUS CONFERENCE
         PROCEEDINGS ON MOTION FOR SUMMARY JUDGMENT
12                   THE COURT'S RULING
          BEFORE THE HONORABLE FEDERICO A. MORENO
13              UNITED STATES DISTRICT JUDGE

14  ══════════════════════════════════════════════════════════
   APPEARANCES:
15
   FOR THE PLAINTIFF:         NORMA MARTIN (Pro Se)
16                            51100 Southwest 80th Street
                              Miami, Florida 33143
17                                              305-667-7132
18 FOR THE DEFENDANT:         JOSEPH W. BAIN, ESQ.
                              Shutts & Bowen LLP
19                            525 Okeechobee Boulevard
                              Suite 1100
20                            West Palm Beach, Florida 33401
                                                561-650-8523
21
   REPORTED STENOGRAPHICALLY
22 BY:                        GILDA PASTOR-HERNANDEZ, RPR, FPR
                              Official United States Court Reporter
23                            Wilkie D. Ferguson Jr. US Courthouse
                              400 North Miami Avenue - Suite 13-3
24                            Miami, Florida  33128   305-523-5118
                              gphofficialreporter@gmail.com
25
```

# TABLE OF CONTENTS

Page

Reporter's Certificate ....................................... 6

## EXHIBITS

| Exhibits | Marked for Identification | | Received in Evidence | |
|---|---|---|---|---|
| Description | Page | Line | Page | Line |

*  *  *

(The following proceedings were held at 11:05 a.m.)

THE COURT: Okay. Let me tell you what I think after having read and reviewed everything that has been filed.

We have Defendant's Motions for Summary Judgment regarding each count. On Count I, I'm going to grant summary judgment because the trademark infringement alleged is November 11, 2014. The Complaint was filed on May 31, 2019. It's in excess of the four-year statute of limitations. So summary judgment will be granted.

The trademark counterfeit in Count II, as far as the 2014 publication in the United States, also fails because of the statute of limitations. It's in excess of four years. As far as the foreign publications that are within the period of four years, that would preclude the statute of limitations barring them, that claim is nevertheless nonactionable under the case from the Eleventh Circuit of International Café versus Hard Rock, 252 F.3d 1274 which analyzed the Supreme Court decision back in 1952, the date that I was born. So I'm going to grant summary judgment as to Count II.

Count III is really a duplicative count of Count I, unfair competition and Count IV is a duplicative claim of Federal unfair competition under Florida law and the claim is barred under the same extraterritoriality theory. So I'm going to grant summary judgment.

1  The trademark infringement under Florida law in Count
2  V, because of the same problems with the date, I'm also going to
3  grant summary judgment, and the contributing extraterritoriality
4  issue with a foreign activity or foreign actors, it is not
5  actionable. So I'm going to grant summary judgment on Count VI.
6  Count VII, the vicarious trademark, considering
7  Mr. Resnick's declaration which has been filed, I would think
8  that there may be some issue on copyright infringement but
9  copyright infringement is not being claimed. The plaintiff
10 herself has said, I don't want to file a copyright infringement,
11 I have not filed a copyright infringement. If for some reason
12 in the future she wants to file a copyright infringement and if
13 there's a dispute of the facts as to who owns the copyright --
14 because right now, it's not clear based upon the arguments made,
15 because copyright has not been claimed because the plaintiff
16 does not desire. If she wants to do that, it's up to her to do
17 that in a separate Complaint, but it has to be filed. It has to
18 claim the timing of it to make sure there's no statute of
19 limitations barring it, no extraterritoriality barring it, but
20 that's for perhaps another judge in another Complaint if
21 Ms. Martin wants to file it.
22 On Count VIII, the same thing, statute of limitations
23 bars it, extraterritoriality is not applicable under Florida law
24 even for the unauthorized appropriation of a name, Florida law
25 cannot apply, and I'm going to grant summary judgment.

1  So what I'm going to do is ask the court reporter to
2  transcribe everything that has occurred here.  I'm entering
3  summary judgment in favor of the defendant, which means you have
4  a certain number of days to file an appeal before the Court of
5  Appeals.  As soon as you get my written order, that triggers the
6  period that you have to file to a higher court in Atlanta.
7  Summary judgment is granted.
8  MS. MARTIN:  I couldn't hear that well.
9  THE COURT:  Then you'll get the transcript as well.
10  Okay.  I'm ruling for the defendant.
11  MS. MARTIN:  Why?
12  THE COURT:  Because the Complaint was filed too late,
13  beyond the four-year statute of limitations and because you
14  can't sue for what happened in foreign countries against these
15  defendants and because you haven't claimed copyright
16  infringement because you do not want to.  If you want to do that
17  in the future, you can do that in a separate Complaint.  All
18  right?
19  Thank you.  Have as best of a day as you can.
20  MS. MARTIN:  There's one issue that wasn't really
21  covered.
22  THE COURT:  Thank you.  I've ruled.
23  (The hearing was concluded at 11:11 a.m.)
24
25

```
 1                   C E R T I F I C A T E

 2          I hereby certify that the foregoing is an accurate

 3   transcription of proceedings in the above-entitled matter.

 4

 5    __01-29-2020____            _____/s/_____
             DATE                 GILDA PASTOR-HERNANDEZ, RPR, FPR
 6                                Official United States Court Reporter
                                  Wilkie D. Ferguson Jr. U.S. Courthouse
 7                                400 North Miami Avenue, Suite 13-3
                                  Miami, Florida  33128     305.523.5118
 8                                gphofficialreporter@gmail.com
```

Copies furnished to:

Counsel of Record

Norma Martin
5110 SW 80th Street
Miami, FL 33143
<u>Pro Se</u>