UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-cv-21167-GAYLES/LOUIS

NORMA MARTIN,

    Plaintiff,

v.

E.C. PUBLICATIONS, INC. and WARNER
COMMUNICATIONS LLC d/b/a DC Comics,

    Defendants.
_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss Defendants' Counterclaim Without Prejudice (the "Motion"). [ECF No. 144]. The Court has reviewed the Motion and the record and is otherwise fully advised.

Federal Rule of Civil Procedure 41 governs a plaintiff's ability to dismiss cases without prejudice. "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) "applies to a dismissal of any counterclaim, crossclaim, or third-party claim." Fed. R. Civ. P. 41(c). The purpose of Rule 41(a)(2) "is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986) (citation and internal quotation marks omitted). The Court has broad discretion in deciding whether to grant a motion for voluntary dismissal under Rule 41(a)(2). *Potenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1255 (11th Cir. 2001). Generally, a motion for voluntary dismissal should be granted "unless the defendant

will suffer clear legal prejudice, *other than the mere prospect of a subsequent lawsuit*, as a result." *McCants*, 781 F.2d at 857 (emphasis in original) (citing *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976)). "The crucial question to be determined is, [w]ould the defendant lose any substantial right by the dismissal." *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967). In answering that question, district courts must "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *McCants*, 781 F.2d at 857.

The Court finds that there is no clear legal prejudice to Plaintiff that would justify denying Defendants' request to voluntarily dismiss their two-count Counterclaim, [ECF No. 33].[1] Defendants' Counterclaim was not litigated on the merits, and Plaintiff does not rebut Defendants' argument that minimal litigation costs and resources have been expended as to the Counterclaim. Indeed, the parties have focused their time and resources on litigating Plaintiff's claims through Defendants' Motion for Summary Judgment, [ECF No. 40]. Upon weighing the relevant equities, the Court finds that each party should bear its own costs, expenses, and attorneys' fees incurred in litigating Defendants' Counterclaim.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Defendants' Counterclaim Without Prejudice, [ECF No. 144], is **GRANTED**.

2. Defendants' Counterclaim is **DISMISSED without prejudice**.

---

[1] In the Counterclaim, Defendants seek cancellation of the asserted U.S. Trademark Registration No. 3,741,448 in two counts: as void *ab initio*, for non-use, and for failure to function as a trademark (Count I); and for abandonment (Count II). [ECF No. 33 at 21–22].

3. Each party shall bear its own costs, expenses, and attorneys' fees incurred in litigating Defendants' Counterclaim.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6th day of November, 2023.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE